IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, *et al.*, | No. CV-23-08509-PCT-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Second Amended Complaint (Doc. 36, "Compl."). Federal courts are limited in the types of cases they can hear. The two most common exercises of subject matter jurisdiction involve either a controversy between citizens of different states (diversity jurisdiction) or a question of federal law (federal question jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. Here, Plaintiffs assert diversity jurisdiction, stating that "the amount in controversy, without interest and costs, exceeds the [statutory] sum or value." (Compl. ¶ 2.1.) When assessing the amount in controversy for the purposes of diversity jurisdiction, the alleged damages must be taken from the face of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). But Plaintiffs' Complaint does not allege an amount of damages at all. Plaintiffs' statement that the amount in controversy exceeds the statutory minimum is nothing more than a legal conclusion couched as a factual allegation, which the Court is not bound to accept as true. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Therefore, the Court will order Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

1  **IT IS HEREBY ORDERED** that Plaintiffs show cause in writing within seven
2  days of the date of this Order why this case should not be dismissed for lack of subject
3  matter jurisdiction.
4  Dated this 30th day of May, 2024.

Honorable John J. Tuchi
United States District Judge