**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

Non-party attorney Robert Custis represented Mark Christensen in matters relating to the trust or trusts at issue in the present case. Plaintiffs Kent Christensen and Kara Christensen served Custis with a notice of deposition as well as a subpoena duces tecum. Custis filed a motion to quash and memorandum in support arguing the information plaintiffs seek is protected by the attorney-client privilege. (Docs. 86, 87.) Defendant LeAnn Renee Galliway filed a response indicating she "takes no position, because she believes there is no privilege at issue, given this litigation." (Doc. 91 at 1.) Galliway explains she believes Oregon law does not recognize a privilege when, as here, two parties assert claims "against the estate of the same deceased person." (Doc. 91 at 3.) In addition, Galliway waives any privilege to the extent she can do so in her capacity as trustee. Plaintiffs agreed with Galliway's "legal analysis and conclusion" that no privilege exists and plaintiffs contend Custis should be required to sit for his deposition and produce documents. (Doc. 92 at 2.)

No party to the present case believes the information in Custis's possession is

privileged and, based on a preliminary review of Oregon law, no privilege applies. Oregon law provides an exception to the attorney-client privilege for "a communication relevant to an issue between parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by inter vivos transaction." Or. Rev. Stat. Ann. § 40.225(4)(b). This type of exception is often referred to as the "testamentary exception" to the attorney-client privilege. *See Swidler & Berlin v. United States*, 524 U.S. 399, 404 (1998). The Ninth Circuit has recognized the "rationale behind [the testamentary] exception" is to allow for consideration of confidential communications between a testator and his attorney to ensure the "proper fulfillment of the testator's intent." *United States v. Osborn*, 561 F.2d 1334, 1340 n.11 (9th Cir. 1977). Given that rationale, Oregon courts likely would apply the testamentary exception not only to will contests but also to contests involving trusts. *See Eizenga v. Unity Christian Sch. of Fulton*, 54 N.E.3d 907, 913 (Ill. App. Ct. 2016) (applying testamentary exception in trust context). Because Custis likely could not invoke the privilege in the circumstances of this case and no party disagrees, his motion to quash is denied.

On November 4, 2024, Galliway filed a motion to quash subpoenas sent by plaintiffs to three limited liability companies controlled by Galliway. (Doc. 98.) The case management order states "[t]he parties shall not file written discovery motions without leave of the Court."[1] (Doc. 74 at 4-5.) Galliway's motion violates that basic requirement and, in the future, Galliway shall not file discovery-related motions such as her motion to quash. However, because the motion was already filed, plaintiffs must file a response. No reply is allowed.

Accordingly,

**IT IS ORDERED** the Motion to Quash (Doc. 86) is **DENIED**. Non-party Robert Custis shall disclose the information regarding his representation of Mark Christensen that would be subject to the attorney-client privilege in other circumstances.

---

[1] The motion filed by Custis was not subject to this requirement because he is not a party. And while the subpoenas Galliway seeks to quash were sent to non-party LLCs, Galliway's status as a party means the case management order governs her conduct.

- 2 -

**IT IS FURTHER ORDERED** no later than **November 18, 2024**, Plaintiffs shall respond to the motion to quash (Doc. 98). No reply is permitted.

Dated this 13th day of November, 2024.

**Honorable Krissa M. Lanham**
**United States District Judge**