**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

Plaintiffs Kent and Kara Christensen wish to amend their complaint to add Carl Galliway as a defendant. (Doc. 94.) The parties also have a discovery dispute and request certain case management deadlines be extended. As explained below, the request to add Carl is granted, the subpoenas underlying the discovery dispute are permissible with limitations, and the case management deadlines are modified.

**I.      Motion to Amend Complaint**

Plaintiffs filed their initial complaint in July 2023. That complaint named Leann and Carl Galliway as defendants. (Doc. 1.) Plaintiffs filed an amended complaint as a matter of right in September 2023 naming the same two defendants. (Doc. 27.) The parties then stipulated to plaintiffs filing a second amended complaint that again named Leann and Carl Galliway as the only defendants. (Doc. 36 at 1.) The Galliways filed a motion to dismiss. (Doc. 42.) On June 14, 2024, the court granted that motion in part. (Doc. 55.) As relevant here, the court dismissed Carl as a defendant because the second amended complaint did "not allege Carl Galliway participated in any of the tortious activity alleged against Leann

1   Galliway." (Doc. 55 at 4.) While Carl "was allegedly a witness" to allegedly wrongful
2   actions by Leann, that was not sufficient to establish Carl "actively participated in or
3   authorized the alleged torts." (Doc. 55 at 4.) The court granted leave to amend.
4         Plaintiffs filed a third amended complaint that attempted to fix some of the issues
5   that had resulted in the dismissal of claims. That complaint included additional factual
6   allegations regarding Carl's involvement in the underlying events, but it did not identify
7   Carl as a defendant. (Doc. 58; Doc. 60-1 at 5, 11.) Leann filed another motion to dismiss
8   as well as an answer. (Doc. 61, 64.) On August 21, 2024, the court issued a case
9   management order establishing October 21, 2024, as the deadline for amending the
10  pleadings. (Doc. 74.) On August 30, 2024, the court denied Leann's second motion to
11  dismiss. (Doc. 80.)
12        On October 21, 2024, plaintiffs filed a motion to amend their complaint to
13  "reinstate" Carl as a defendant. (Doc. 94 at 1.) Plaintiffs' proposed fourth amended
14  complaint contains only two meaningful changes from the third amended complaint. First,
15  plaintiffs add an allegation that all acts described in the complaint "were performed on
16  behalf of and for the benefit of" Leann and Carl's marital community. (Doc. 96-1 at 1.)
17  And second, plaintiffs add Carl "acted in concert" with Leann, knew Leann was breaching
18  her fiduciary duties, and "gave substantial assistance or encouragement to her." (Doc. 96-
19  1 at 7.) Importantly, although the second amended complaint led to Carl's dismissal, the
20  third amended complaint failed to name him as a defendant despite adding allegations that
21  "Leann Galliway and her husband Carl Galliway brought her ninety (90) year father Mark
22  Christensen to the law office of Robert C. Custis in Salem, Oregon for the purpose of
23  executing the First Amendment to the Christensen Loving Trust." (Doc. 58 at 4.) The third
24  amended complaint also alleged Carl was "named as successor trustee of the Trust." (Doc.
25  58 at 5.) As of the filing of the third amended complaint, it was plausible that Carl actively
26  participated or authorized Leann's alleged torts rather than merely witnessing them.
27        Nonetheless, because plaintiffs' request to amend the complaint was filed by the
28  deadline imposed by the case management order, the court need only apply the forgiving

standard under Federal Rule of Civil Procedure 15. *Cf. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). That standard requires that a "[r]equest[] for leave to amend . . . be granted with extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quotation marks and citation omitted). In determining whether to grant leave to amend, the court must "consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Id.* "[P]rejudice to the opposing party" is the most important of these factors. *Id.*

Plaintiffs have already amended their complaint in this case multiple times and have not provided a convincing explanation for their delay in seeking to reinstate Carl as a defendant. But there is no indication plaintiffs are acting in bad faith, nor any indication Leann would suffer prejudice if Carl is reinstated. As already mentioned, the third amended complaint added allegations of Carl's involvement in some of the crucial events. In addition, naming Carl as the possible beneficiary of the trust provides some indication Carl was a willing participant in arranging for changes to the trust. Plaintiffs should have sought to reinstate Carl as of the third amended complaint (shortly after he was dismissed) but the "extreme liberality" the court must apply to plaintiffs' request mandates they be allowed to amend their complaint. The motion to amend is granted.

## II. Motion to Quash

Plaintiffs sent subpoenas under Fed. R. Civ. P. 45 to three non-party limited liability companies. Leann admits she is the "sole member of these LLCs." (Doc. 98 at 2.) Leann argues the subpoenas should be quashed because they are overbroad and demanded compliance in an unreasonably short time. On the former point, Leann argues the subpoenas are overbroad because they "seek more than documents, but also an *explanation*" how the LLCs obtained their assets and the current value of those assets. (Doc. 98 at 3.) In responding to the motion to quash plaintiffs state they are willing to work with Leann regarding the response date. Plaintiffs also seem to admit they may be seeking to require the creation of additional documents because the subpoenas seek "an

identification" of the assets held by the LLCs as well as "where the assets came from and what they are worth." (Doc. 102 at 3.)

Each of the subpoenas seeks production of the same information:

> All documents and records related to the formation of the LLC; all assets of the LLC, including manner in which assets were acquired and their current valuation; and all communications with defendants or their counsel regarding the Christensen Loving Trust; and financial records including bank statements and tax records.

This language could be read as requiring the LLCs create new documents containing the information plaintiffs seek. But it is well-settled "a non-party may be required to produce records that already exist and are under the non-party's control, but [Rule 45] does not contemplate that a non-party will be forced to create documents that do not exist." *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996); *see also Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("A party, however, is not required to create a document where none exists."). The subpoenas are therefore improper to the extent they are demanding the LLCs create new documents. Instead, the subpoenas are limited to pre-existing documents within the possession, custody, or control of the LLCs.

Narrowed to existing documents, the subpoenas seek discoverable information. As for the date by which the LLCs must produce the documents, the parties must confer and agree upon an appropriate due date.

**III.    Motion to Extend Case Management Deadlines**

The parties jointly request the court extend the deadlines for the completion of fact discovery, expert depositions, dispositive motions, and good faith settlement talks. (Doc. 101.) This case was filed in July 2023 and the court's practice is to ensure dispositive motions are briefed by the two-year anniversary of the filing of the initial complaint. Here, the parties propose the dispositive motion deadline be moved to April 30, 2025. That deadline is consistent with the court's practice, but the parties are warned that additional extensions are unlikely. In addition, the parties propose a deadline for good faith settlement

talks after the deadline for dispositive motions. The parties must conduct settlement discussions before, not after, the dispositive motion deadline. Therefore, the deadline for settlement talks is moved up to shortly before the dispositive motion deadline.

### IV.     Only One Motion for Summary Judgment is Permitted

The case management order prohibits a party from filing "more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of the Court." (Doc. 74 at 6.) Despite this limitation, plaintiffs filed a motion for summary judgment on August 23, 2024. Having reviewed that motion and being familiar with the facts and legal issues in this case, plaintiffs would not be permitted to file a second motion for summary judgment at the conclusion of discovery. To ensure plaintiffs have made a knowing decision to forego a motion for summary judgment at the close of all discovery, plaintiffs must file a statement indicating whether they wish to withdraw the pending motion for summary judgment so that they may file a more comprehensive summary judgment motion later.

Accordingly,

**IT IS ORDERED** the Motion to Amend (Doc. 94) is **GRANTED**. Within three days of this order plaintiff shall file a clean copy of the fourth amended complaint.

**IT IS FURTHER ORDERED** the Motion to Quash (Doc. 98) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** the Motion to Amend Scheduling Order (Doc. 101) is **GRANTED**. The parties shall comply with the following dates. All other aspects of the case management order remain in effect:

- Fact discovery shall be completed no later than **March 31, 2025**;
- Expert depositions shall be completed no later than **March 31, 2025;**
- Good faith settlement talks shall occur no later than **April 15, 2025**;
- Dispositive motions shall be filed no later than **April 30, 2025**.

/
/

**IT IS FURTHER ORDERED** no later than **November 25, 2024**, plaintiffs shall file a statement indicating if they wish to withdraw the pending motion for summary judgment.

Dated this 19th day of November, 2024.

Honorable Krissa M. Lanham
United States District Judge