**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

On November 21, 2024, the court granted plaintiffs' motion to amend their complaint to include Carl Galliway as a defendant. The court concluded that after Carl was dismissed from an earlier complaint, plaintiffs "added allegations of Carl's involvement in some of the crucial events." (Doc. 104 at 3.) While "[p]laintiffs should have sought to reinstate Carl as of the third amended complaint (shortly after he was dismissed)," the liberal policy in favor of allowing amendments meant plaintiffs were entitled to amend. (Doc. 104 at 3.) Plaintiffs filed their fourth amended complaint the following day. (Doc. 105.)

On December 5, 2024, defendants filed a motion to dismiss the fourth amended complaint entirely or, in the alternative, only those claims against Carl. (Doc. 109.) That motion argues the governing estate documents contain a "no contest" clause which somehow bars this suit. (Doc. 109 at 3.) The motion also claims "Judge Tuchi dismissed Carl" and "nothing has changed to now allow Plaintiffs to drag him back in." (Doc. 109 at 4.) Contrary to Local Rule 12.1(c), defendants did not confer with plaintiffs prior to filing

their motion to dismiss. Instead, defense counsel reached out to plaintiffs' counsel "contemporaneously with the filing of the motion." (Doc. 111.) Four days after filing their motion, defendants filed a "supplement" explaining the parties had attempted to discuss the merits of the motion after it was filed but could not reach any agreement. (Doc. 112.)

On December 9, 2024, plaintiffs moved to strike the motion to dismiss because defense counsel failed to confer prior to filing it. (Doc. 113.) Plaintiffs request the motion to dismiss either be stricken or that they be given an extension of time to respond to it. (Doc. 113 at 5.) Defendants responded to the motion to strike by asserting plaintiffs' counsel had been very difficult to reach and any failure to confer before filing the motion to dismiss was harmless because conferral would have been futile. (Doc. 114 at 2.) The court will resolve the motion to dismiss and motion to strike before the former is fully briefed in an attempt to redirect the parties to expend their time and efforts on the merits of this litigation instead of procedural wrangling.

Beginning with the motion to dismiss, the legal sufficiency of a proposed amendment is analyzed using substantially the same standard as applies to a Rule 12(b)(6) motion. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). In resolving the motion to amend, the court conducted an analysis of the proposed amended complaint's allegations regarding Carl and concluded the allegations added after Judge Tuchi dismissed Carl were sufficient to state claims for relief against Carl. There is no basis to revisit that conclusion.

As for defendants' argument that dismissal is required under the "no contest" clause, defendants have not explained why such a clause would prevent plaintiffs from litigating the validity of the document where that clause is found. *See Finkle-Rowlett Revocable Tr. Dated Aug. 28, 2009 v. Stiens*, 558 S.W.3d 95, 100 (Mo. Ct. App. 2018) ("The invalidity of a will, trust, or its amendments encompasses all clauses therein, including a no-contest clause, and renders them of no effect and unenforceable."). Because defendants did not address this crucial issue, the motion to dismiss is denied.

The motion to strike may have merit to the extent it points out defense counsel

should have conferred prior to the filing of the motion to dismiss. But accepting defense counsel's representations regarding what occurred, plaintiffs' counsel has been difficult to reach and did not respond to attempts to establish contact. Because the motion to dismiss is denied on its merits, the motion to strike is denied as moot. In the future, both sides must comply with the local rules and be available to confer with opposing counsel within a reasonable period of time.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 109) and Motion to Strike (Doc. 113) are **DENIED**. Defendants shall answer the latest complaint within fourteen days of this order.

Dated this 11th day of December, 2024.

*/s/ Krissa M. Lanham*
Honorable Krissa M. Lanham
United States District Judge