**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen and Kara Christensen, | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway and Carl Galliway, | |
| Defendants. | |

Defendants Leann Renee Galliway and Carl Galliway request the court preclude plaintiffs Kent and Kara Christensen from introducing testimony from their expert John Draneas, who was disclosed nearly seven months after the expert disclosure deadline. (Doc. 141.) Because Kent and Kara's disclosure was untimely without excuse, Leann and Carl's motion is granted. In addition, counsel for Leann and Carl must show cause why he should not be sanctioned for repeatedly violating court orders regarding discovery dispute submissions.

## I. Factual Background

On August 21, 2024, the court entered a case management order requiring expert disclosures be completed no later than September 19, 2024. (Doc. 74 at 2–3.) The court warned the parties an untimely-disclosed expert would not be permitted to testify unless the offering party demonstrated:

> (a) the necessity of the expert witness could not have been reasonably anticipated at the time of the disclosure deadline,
> (b) the opposing counsel or unrepresented parties were promptly notified upon discovery of the need for the expert

|   |   |
|---|---|
| 1 | witness, and (c) the expert witness was promptly proffered for deposition. |
| 2 |   |

(Doc. 74 at 4 (citing *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).) The August 2024 order also established the discovery dispute procedures all parties must follow. In explaining those procedures, the order stated "[t]he parties shall not file written discovery motions without leave of the Court." (Doc. 74 at 4-5.)

On November 4, 2024, Leann and Carl's attorney, Loren Molever, filed a motion to quash subpoenas plaintiffs sent to three limited liability companies. (Doc. 98.) The motion made clear in its beginning that Leann was "mov[ing] to quash" the three subpoenas. (Doc. 98 at 1.) The court issued an order calling for a response but in doing so, reminded Molever the case management order prohibits discovery motions, the motion to quash violated that order, and "in the future, Galliway shall not file discovery-related motions such as her motion to quash." (Doc. 100 at 2.) After briefing, the motion to quash was granted in part and denied in part. (Doc. 104 at 3.)

On December 16, 2024, Molever filed a "Motion for Leave to File a Motion for Protective Order." (Doc. 120.) According to that motion, Leann and Carl wished to obtain a protective order preventing certain financial discovery. (Doc. 120 at 1.) The next day, Molever—allegedly representing the three LLCs referenced earlier—filed what he titled "objection[s]" to subpoenas. (Docs. 121, 122, 123.)

On December 18, 2024, the court issued an order explaining "filings by defendant Leann Renee Gailliway and her attorney Loren Molever require the court discuss again how discovery disputes must be presented." (Doc. 124 at 1.) After recounting the background regarding the motion and the "objections" by the LLCs, the court explained its "discovery dispute procedures are mandatory." (Doc. 124 at 3.) The court then informed Leann, Carl, and Molever they had received prior warnings, and no additional warnings would be given:

> Galliway has been informed twice that no discovery motions are allowed. The language the court used the second time was clear: "Galliway shall not file discovery-related motions." (Doc. 100 at 2.) Galliway is now informed for the third and

> final time that she may not file discovery motions nor may she file motions seeking leave to file a discovery motion. Any discovery dispute must be presented as required by the court's procedures.

(Doc. 124 at 3.)

In February 2025, the court granted a stipulated request to extend certain case management deadlines. (Doc. 127.) But that order did not extend the long-expired September 19, 2024, deadline for disclosing expert witnesses.

On April 3, 2025, plaintiffs' counsel Mark Olson emailed Molever purporting to have "discovered" the identity of an expert through case research in early March 2025. (Doc. 139-1 at 2; Doc. 143-1 at 2.) On April 7, 2025, Molever filed a motion to extend case management deadlines. (Doc. 135.) That motion did not indicate whether plaintiffs opposed the request, and the court denied Molever's motion for failure to contain such information. (Doc. 136).

Olson disclosed Draneas's expert report on April 14, 2025. (Doc. 141 at 3.) On April 15, 2025, Molever filed an "Emergency" motion to exclude Draneas. (Doc. 139.) That motion was filed at 8:19 a.m. and claimed relief was needed before 10:30 a.m. that same day. At 10:06 a.m., the court issued an order denying the motion. (Doc. 140.) The court concluded "[a]n allegedly untimely expert disclosure falls well short of an emergency." (Doc. 140 at 1.) On April 22, 2024, Molever filed a "renewed" motion to exclude Draneas. (Doc. 141.) The court called for expedited briefing on that motion. (Doc. 142.)

On May 1, 2025, Molever filed a motion to quash styled as an objection to a subpoena sent to a non-party. (Doc. 145 at 1–2.) The court denied the motion the following day. (Doc. 146.) In doing so, the court noted the motion to quash "did not comply with the court's procedures" and the court would issue a future order addressing Molever's "repeated noncompliance with the court's procedures and orders." (Doc. 146.)

## II.     Exclusion of Draneas

This court's case management order prohibits the untimely disclosure of an expert

unless the offering party demonstrates (a) the expert witness's necessity could not have been reasonably anticipated by the disclosure deadline; (b) opposing counsel was promptly notified upon discovery of the need for the expert witness; and (c) the expert witness was promptly proffered for deposition. (Doc. 74 at 4.) Kent and Kara argue they could not have reasonably known about the existence of Draneas as a potential expert because they only learned of his work after reading an Oregon court decision in March 2024 where Draneas was referenced. (Doc. 143 at 2.)

Kent and Kara may not have discovered Draneas until March 2024 but they knew of an expert witness's *necessity* long before then. Kent and Kara were on notice of the potential need to call an expert after Leann disclosed an expert witness before the September 2024 deadline. (Doc. 144 at 3.) If Kent and Kara sought to produce an expert witness on the same issue, they also could have done so prior to the disclosure deadline.

Kent and Kara argue their failure to disclose Draneas is harmless because Leann and Carl were able to schedule his deposition for May 12, 2024. (Doc. 143 at 2.) Even if the deposition could occur before the close of discovery, other deadlines might have to be reset to allow for additional discovery based on that deposition. And "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.").

Separately, even if the disclosure had been timely or if the late disclosure could be excused, it is unlikely the vast majority of Draneas's testimony would be admissible. *See DeMocker v. Shinn*, No. CV-22-08203-PCT-JAT, 2024 WL 3718615, at 9 (D. Ariz. Jan. 26, 2024) (noting an expert may testify to his "specialized knowledge" to help "determine a fact in issue" but "is not permitted to testify to legal conclusions"); *cf. State v. Democker*, No. 1 CA-CR 14-0137, 2016 WL 5899733, *10 (Ariz. Ct. App. Oct. 11, 2016) (affirming trial court's exclusion of expert who testified to legal effect of terms of a trust). According

to his report, Draneas's testimony consists almost exclusively of his view of the proper interpretation of the underlying documents, an issue of law. *See SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 328 (D. Ariz. 2022) ("Without a doubt, [t]he interpretation of a contract is an issue of law, and [e]xpert testimony is not proper for issues of law.") (simplified). To the extent Leann and Carl seek to introduce expert testimony regarding similar issues through their expert, that testimony is also likely to be excluded.

Because Kent and Kara's expert disclosure was untimely without excuse, Leann and Carl's motion is granted.

### III.    Order to Show Cause

Throughout the discovery period of this case, Molever has made at least four filings that may merit sanctions.[1] After being informed no written discovery motions were permitted, Molever filed a motion to quash, a motion for leave to file protective order, an "emergency" discovery-related motion seeking a ruling within approximately two hours, and another motion to quash. Those filings were dated November 4, 2024, December 16, 2024, April 15, 2025, and May 1, 2025.

Failure to comply with a court order may merit sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, Federal Rule of Civil Procedure 41(b), or the court's inherent power. Molever shall file a response establishing why sanctions are not appropriate under any of those bases for the filings dated November 4, 2024, December 16, 2024, April 15, 2025, and May 1, 2025. In addition to explaining why sanctions are not appropriate, Molever must identify an appropriate form of sanctions if the court were to conclude sanctions were appropriate. For example, assuming Molever believes striking of the answer would be too harsh, he must identify the less serious sanctions such as an award of attorneys' fees or fines that the court should consider. Molever's response shall be no more than ten pages. Kent and Kara shall file a reply of no more than ten pages.

---

[1] Molever filed an improper motion to extend case management deadlines. (Doc. 135.) That motion is not an independent basis on which sanctions might be imposed but does provide additional background evidence of Molever's inattention to the court's procedures.

Accordingly,

**IT IS ORDERED** the Motion to Exclude Plaintiffs' Expert Testimony (Doc. 141) is **GRANTED.**

**IT IS FURTHER ORDERED** no later than **May 16, 2025**, attorney Loren Molever shall show cause why he should not be sanctioned as set forth above. No later than **May 23, 2025**, plaintiffs shall file a reply of no more than ten pages addressing Molever's response. No additional filings on this topic are permitted.

**IT IS FURTHER ORDERED** the Joint Request for Referral to Magistrate Judge (Doc. 147) is **GRANTED**. This case is referred to Magistrate Judge Bruce G. Macdonald for the purpose of conducting a settlement conference. The parties are directed to contact Magistrate Judge Macdonald's chambers within five days from the date of this order.

Dated this 9th day of May, 2025.

Honorable Krissa M. Lanham
United States District Judge