**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

The parties have had perplexing difficulties complying with the court's procedures throughout this case. The court recently issued an order to show cause regarding defense counsel's repeated failure to comply with the court's discovery dispute procedures. (Doc. 148.) After defense counsel responded to that order, plaintiffs filed a statement indicating they took no position on whether sanctions should be imposed. (Doc. 153.) Less than five minutes later, plaintiffs filed a motion for leave to file another discovery motion. (Doc. 154.) Plaintiffs' motion violates the court's discovery dispute procedures because the dispute is between plaintiffs and a firm presumably under the control of defendant Leann Galliway. Plaintiffs' dispute should have been raised via joint statement and the parties must file a joint statement containing the information outlined below.

Plaintiffs' motion explains the disputed subpoena was sent to the law firm of Watkinson Laird and Rubenstein. That firm was "responsible for preparing the Manarola Trust on behalf of defendant Leann Galliway." (Doc. 154 at 1.) The subpoena was to produce documents and for a Rule 30(b)(6) deposition. According to plaintiffs, "Galliway

and her counsel have not taken any position on the subpoena or deposition notice," but the law firm "sent correspondence . . . objecting to the subpoena on the grounds that the documents were protected from disclosure by attorney-client privilege and other grounds." (Doc. 154.) Plaintiffs' motion references the subpoena and law firm correspondence as exhibits to the motion but no exhibits were filed.

The parties must confer and file a joint statement stating their positions on the following:

1. Does the subpoena comply with Rule 45's geographic limitations? *See In re Kirkland*, 75 F.4th 1030, 1036 (9th Cir. 2023) (100-mile limit in Rule 45(c) applies even when the testimony will be taken via videoconference);
2. Assuming the subpoena is otherwise valid, is the District of Arizona the correct location for a motion to compel? *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production");
3. If the information is in the law firm's possession because of an attorney-client relationship with Galliway, is that information under Galliway's control such that a Rule 45 subpoena is not required and plaintiffs could have sent Galliway a request for production?
4. If the relevant attorney-client relationship is with Galliway, is she asserting the attorney-client privilege to prevent the law firm from producing documents or testifying?

The joint statement must attach the subpoena and the correspondence from the law firm.

Defense counsel's response to the order to show cause is sufficient and no sanctions are appropriate. It is inexplicable that plaintiffs and their counsel chose to violate the court's procedures in the wake of the order to show cause, but an order to show cause regarding their behavior is not yet appropriate. Plaintiffs and their counsel are given a final warning that future noncompliance will result in an order to show cause regarding sanctions.

- 2 -

1  **IT IS ORDERED** the Motion for Leave (Doc. 154) is **DENIED**.

2  **IT IS FURTHER ORDERED** no later than **May 22, 2025**, the parties shall file a
3 joint statement of no more than two pages per side containing the information set forth
4 above.

5  Dated this 19th day of May, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge