**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

Plaintiffs Kent and Kara Christensen seek a temporary restraining order and preliminary injunction preventing defendants Leann and Carl Galliway from "assigning, transferring, conveying, selling, or encumbering the real or personal property of the Christensen Loving Trust." (Doc. 159 at 19.) Defendants respond the motion is not supported by any competent evidence so immediate injunctive relief is not merited. Because plaintiffs cannot rely solely on the allegations in their unverified complaint to obtain the relief they seek, the motion is denied.

I.     **Factual and Procedural Background**

Plaintiffs allege defendants wrongfully caused amendments to a trust established by plaintiffs' grandfather. Before the amendments plaintiffs were entitled to a share of the trust property but the amendments, if valid, resulted in Leann becoming the sole beneficiary. The operative complaint alleges four claims: declaratory judgment, breach of fiduciary duty, constructive fraud, and tortious interference with a testamentary expectancy. (Doc. 134.) The initial complaint was filed in July 2023 and the parties

completed fact discovery on May 15, 2025. (Doc. 128.)

On May 30, 2025—approximately two weeks after the close of fact discovery—plaintiffs filed a motion for temporary restraining and preliminary injunction. (Doc. 159.) Later that same day the court set a briefing schedule that required an opposition by noon three days later (*i.e.*, on June 2, 2025). (Doc. 160.) Shortly before 11:00 a.m. on June 2, defense counsel sent an email to chambers stating he had been on vacation when the briefing order was issued and he would be traveling until 5:00 p.m. on June 2. Counsel stated he needed "at least an additional day if not a couple of days" to respond to the motion. Based on that email, the court extended the response deadline one day to June 3. (Doc. 161.) Defendants filed a timely response on June 3 that complained the court's briefing schedule that resulted in four days to file a response was "patently unfair and manifestly unjust" because defense counsel was on vacation.[1] (Doc. 162 at 2.) On the merits, defendants' response focused on plaintiffs' failure to cite to evidence supporting their claims.

The day after filing their opposition defendants filed an unauthorized "supplement." (Doc. 163.) That supplement was to provide documents defendants referenced in their opposition. Plaintiffs then filed their reply in support of their motion and following defendants' lead, plaintiffs also filed an unauthorized supplement to their reply. (Doc. 165, 166.) The parties' shared belief that the usual rules do not apply is incorrect. The court cannot resolve motions in orderly fashion if a party files a document one day and then supplements that document later. In the future, the parties must ensure their documents are complete before filing them. Unauthorized supplements may be stricken.

**II.   Analysis**

A court must analyze a request for a temporary restraining order or preliminary injunction under two slightly different tests. The first test requires the court evaluate if

---

[1] In April 2025, defense counsel filed a baseless "emergency" motion requesting the court rule within two hours of his motion being filed. (Doc. 148 at 5.) Requiring a response to a motion seeking a temporary restraining order within three days—later extended to four—was significantly more reasonable than demanding action within two hours on a motion that had no chance of success.

there is a likelihood of success on the merits, if there is a likelihood of irreparable harm, whether the balance of equities tips in plaintiff's favor, and whether an injunction would be in the public interest. *Winter v. Natural Resources Defense, Inc.*, 555 U.S. 7, 20 (2009). The second test requires a court evaluate if "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). If so, the plaintiff must also show "there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135

Regardless of which test is used, a plaintiff must support its request for injunctive relief with "factual support beyond the allegations of [an unverified] complaint." *Biomedical Device Consultants & Lab'ys of Colorado, LLC v. Vivitro Labs, Inc.*, 689 F. Supp. 3d 749, 754 (C.D. Cal. 2023). The "evidence need not strictly comply with the Federal Rules of Evidence." *Id.* It would require an unusual situation for relief to be granted when a plaintiff makes *no* effort to provide evidence establishing any of the relevant factors. That is particularly true where plaintiffs have had months of discovery to gather supporting evidence.

Plaintiffs have not provided evidence establishing a likelihood of success or serious questions going to the merits and that alone dooms their request for injunctive relief. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (noting "[l]ikelihood of success on the merits 'is the most important' *Winter* factor") (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)). But even beyond that failing, plaintiffs have not provided evidence establishing a likelihood of "irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. They do not respond to defendants' argument that the property is not unique and plaintiffs could therefore recover its value as a monetary judgment if they prevail (Doc. 162 at 5–6). *See Castellanos v. Maya*, 725 F. App'x 489, 493 (9th Cir. 2018) (party may waive argument on issue raised in response by failing to address it in reply). Further, plaintiffs do not explain why an injunction is appropriate when they may instead be able to invoke Oregon's *lis pendens* statute. *See*

*Indian Ridge I, LLC v. Lenahan*, 497 P.3d 806, 809 (Or. Ct. App. 2021) (*lis pendens* "usually refers to a doctrine or rule that the filing of a suit concerning real property is notice to people who obtain an interest in the property after commencement of the suit that they will be bound by the outcome of the suit") (simplified). Filing a *lis pendens* would provide notice to potential purchasers and may be sufficient such that plaintiffs could recover even if defendants were able to sell the property. *See Vukanovich v. Kine*, 285 P.3d 733, 737 (Or. Ct. App. 2012) (if proper notice of *lis pendens* is recorded, "persons who attempt to record an interest in the property after the . . . notice is recorded will be bound by the judgment in the underlying litigation").

Because plaintiffs have not provided evidence supporting either test for injunctive relief and as to irreparable harm, they both waived argument and there may be a simpler method of preserving plaintiffs' interest in the real property, their motion is denied.

Accordingly,

**IT IS ORDERED** the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 159) is **DENIED**.

Dated this 11th day of June, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge

- 4 -