**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

In connection with briefing their cross-motions for summary judgment, the parties argue over the validity of three amendments to the Christensen Loving Trust and Mark Christensen's 2016 will. Plaintiffs' motion begins by arguing the three amendments to the trust "are null and void" (Doc. 173 at 1), but later also argues the 2016 will "is not effective." (Doc. 173 at 15.) As for defendants, they argue there is no dispute of material fact that the First Amendment to the trust is valid and regardless, the 2016 will ensured plaintiffs would "take nothing from Mark's estate." (Doc. 172 at 15.)

Based on the parties' briefing, it appears the parties expect the court to assess the validity of the 2016 will. The "probate exception" to diversity jurisdiction prevents a federal court from hearing a case that would require it to "probate or annul a will." *Silk v. Bond*, 65 F.4th 445, 450 (9th Cir. 2023) (simplified). Some courts have concluded the probate exception applies when the plaintiffs' "theory of recovery requires a district court to determine a testamentary document to be invalid." *Rothberg v. Marger*, No. CIV. 11-5497 RBK/KMW, 2013 WL 1314699, at *7 (D.N.J. Mar. 28, 2013) (citing cases). That is

what plaintiffs appear to seek here in asking the court to deem the 2016 will "not effective." (Doc. 173 at 15.) Alternatively, evaluating and enforcing the 2016 will as defendants request might be the functional equivalent of probating the will. The parties must file supplemental briefs addressing whether the probate exception bars this court from exercising subject-matter jurisdiction over some or all claims in this suit. If either party believes the probate exception applies, the supplemental brief must identify claim-by-claim where it applies. *See Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007) (conducting claim-by-claim analysis).

Finally, the parties did not file all the exhibits they reference in their summary judgment papers. Plaintiffs did not file any of the exhibits they reference in their table of exhibits. (Doc. 173-2.) And defendants reference "Exhibit F: Copies of excerpt pages from deposition transcript of Attorney Robert Custis," but did not file any such document. (Doc. 172-1.) Instead, defendants filed two copies of Leann Galliway's deposition excerpts. (Docs. 172-6, 172-7.) The parties must properly file the missing exhibits.

**IT IS ORDERED** no later than **January 2, 2026**, each party shall file a brief of no more than ten pages addressing application of the probate exception.

**IT IS FURTHER ORDERED** no later than **January 2, 2026**, the parties shall properly file the exhibits not previously filed that are identified above.

Dated this 19th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge