**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Christensen, et al., | No. CV-23-08509-PCT-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Leann Renee Galliway, et al., | |
| Defendants. | |

Defendants LeAnn and Carl Galliway seek to exclude the written declaration of Roberta Christensen from trial. (Doc. 207.) Roberta submitted that declaration in July 2025 in connection with summary judgment. (Doc. 176-1.) Roberta later died on January 18, 2026. (Doc. 210 at 2.) Plaintiffs Kent and Kara Christensen, Roberta's children, oppose exclusion and argue the declaration is admissible under the residual hearsay exception. (Doc. 210 (citing Fed. R. Evid. 807).) The motion to exclude is granted.

The relevant background is as follows. In May 2025, Roberta was deposed during discovery, but Kent and Kara chose not to examine her even though they already knew she was ill. (Docs. 207 at 1; 195 at 1–2.) On October 1, 2025, Kent and Kara moved for leave to take a preservation deposition due to Roberta's terminal cancer. (Doc. 191.) The court ordered an expedited response and granted the motion two days after it was filed, on October 3, 2025. (Doc. 195.) The court found good cause to reopen discovery because the record indicated Roberta's condition had worsened significantly and unexpectedly in late summer 2025 such that preservation of her testimony for trial was appropriate. (Doc. 195

at 2–3.) The court also made clear that, if Roberta were not alive at the time of trial, the preservation deposition would substitute for trial testimony and the parties should elicit all testimony they expected to use. (Doc. 195 at 3.) Kent and Kara scheduled that deposition for October 9, 2025, but canceled it without explanation. (Doc. 207 at 2.) They now seek to present Roberta's written declaration at trial instead.

Kent and Kara's response to LeAnn's motion does not meaningfully grapple with that procedural history. In the motion in limine, LeAnn argued that Kent and Kara declined to examine Roberta in May 2025 and then failed to take the very preservation deposition this court authorized after discovery had closed. (Doc. 207 at 1–2.) Yet Kent and Kara offer no explanation for why they declined to examine Roberta in May and canceled the October 2025 deposition. Instead, they assert in conclusory fashion that LeAnn already had a full opportunity to examine Roberta in May 2025 and state—without any further details—that Kent and Kara merely "sought to schedule a preservation deposition" when her health declined. (Doc. 210 at 6–7.) That is not responsive. Kent and Kara had two opportunities to preserve Roberta's testimony for trial and took advantage of neither.

The residual hearsay exception will not rescue a party from its own strategic failures. The exception is narrow and applies only in exceptional circumstances. *United States v. Bonds*, 608 F.3d 495, 500–02 (9th Cir. 2010); *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980). To admit a statement under Rule 807, the proponent must establish both that it has "sufficient guarantees of trustworthiness" and that it is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). Kent and Kara have not made those showings here.

First, that Roberta was a highly-interested witness undermines the trustworthiness of her declaration. This trial concerns whether her children will recover a share of the trust assets, giving her an obvious personal stake in the outcome. (Doc. 202 at 1, 7.) Additionally, large portions of her declaration underscore why Rule 807 is a poor fit here: the declaration was prepared for litigation in July 2025, after Kent and Kara declined to

question Roberta at a deposition where defense counsel could have cross-examined her on any topics they raised, and it contains not only Roberta's own narrative but also layers of alleged statements by others. (Doc. 176-1 at 4–7.) A declaration from an interested witness that contains multiple levels of hearsay is not sufficiently reliable to satisfy Rule 807. *See Bonds*, 608 F.3d at 501–02.

Second, the declaration is not more probative than other evidence obtainable through reasonable efforts. Many of the points in the declaration may be addressed through other witnesses, business records, correspondence, meeting notices, and other documentary evidence. (*See*, *e.g.*, Doc. 210 at 3–4.) More importantly, Kent and Kara had two clear opportunities to preserve Roberta's testimony in admissible form and inexplicably failed to use either one. Rule 807 is not a mechanism to cure such a strategic failure.

Accordingly,

**IT IS ORDERED** the motion in limine to exclude Roberta's declaration (Doc. 207) is **GRANTED**.

Dated this 17th day of March, 2026.

_____

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -